**McOmber McOmber & Luber**
Counsellors at Law

Charles J. Kocher, Esq.
*Partner*
cjk@njlegal.com
*Admitted in NJ & PA*

50 Lake Center Drive, Suite 400
Marlton, NJ 08053
Phone: 856.985.9800
Fax: 856.263.2450

# NOTICE OF VIOLATION OF
# THE FLORIDA MINIMUM WAGE ACT (FLA. STAT. § 448.110)

April 12, 2024

**VIA UPS**

ICF Technology, Inc.
800 Stewart Street
SEATTLE, WA 98101-1306

Accretive Technology Group, Inc.
800 Stewart Street
Seattle, Washington 98101

  Re:  Notice of intent to file minimum wage class action pursuant to Florida Statute 448.110

Dear Sir or Madam:

  This notice is to inform you that our client, Jennifer Mondello ("Plaintiff"), intends to pursue claims as a named Class Representative Plaintiff in a putative class action against ICF Technology, Inc. and Accretive Technology Group, Inc. ("Defendants") that will be filed pursuant to Section 24, Article 10 of the Florida Constitution seeking the recovery of unpaid wages on behalf of herself and similarly situated individuals who worked as performers on Streamate.com ("Streamate") during the five-year period preceding this notice. We send this notice pursuant to Section 448.110(6) of the Florida Statutes and identify herein: (1) "the minimum wages to which the person[s] aggrieved claim[] entitlement"; (2) "the actual or estimated work dates and hours for which payment is sought"; and (3) the total amount of alleged unpaid wages through the date of notice." Fla. Stat. § 448.110(6).

  Plaintiff works as a webcam performer ("Performer") on the adult website Streamate. Upon information and belief, Streamate is owned and operated by Defendants. Accordingly, Defendants are, at all relevant times, a joint employer of Plaintiff. Plaintiff has been a Performer for Streamate since October 2022. As a Performer, Plaintiff begins a stream by turning on her camera, and entering a "free chat" where Plaintiff attempts to entice customers to join her private stream. Despite this being the period where Plaintiff is exerting the most energy and effort in her performance, that is, performing potentially explicit acts in order to entice customers to join her



stream, Plaintiff is not compensated for all of her time worked for Defendants. Plaintiff's compensation begins after, and only after, a customer joins her private stream and the customer submits the first payment. Defendants refer to this is as "paid time." As a result, Plaintiff, and other Performers, are only compensated for a fraction of the work hours they provide Defendants. This results in Plaintiff not being compensated at all the time she works for Defendants. Defendants have also taken her tips.

## I. THE MINIMUM WAGE TO WHICH THE PERSONS AGGRIEVED CLAIM ENTITLEMENT

The work dates and hours for which payment is sought on a classwide basis will be dependent on Defendants' payroll records, which Defendants will have to produce in discovery. These should be produced as part of Defendants' Rule 26(a) disclosures. Plaintiff will seek the applicable minimum wage rate for all time Plaintiff and the class members spent working in "free chat" during the last five years from the date of this notice, and any overtime if applicable.

## II. THE ACTUAL OR ESTIMATED WORK DATES AND HOURS FOR WHICH PAYMENT IS SOUGHT

Plaintiff has worked for Defendants for approximately one year and six months. In that time, the minimum wage in Florida has ranged from $10.00 per hour to $12.00 per hour. The exact amount of hours worked by Plaintiff for Defendants at each applicable minimum wage rate is unknown to her, however, it is believed that Defendants are in possession of that information. While the full scope of Plaintiff's damages are unknown, an exemplary pay period beginning on September 10, 2023 shows that Plaintiff worked for 700 minutes, yet was only compensated for 124 of those minutes. In that particular period, Plaintiff was only compensated for 17.7% of her time. For the remaining time she worked, Plaintiff was not compensated, much less compensated at the applicable minimum wage. Upon information and belief, Plaintiff was regularly being paid for only 16-20% of her time working for Defendants. This failure to compensate Plaintiff properly came as a direct result of Defendants' violation of the FMWA. While the sample data available to Plaintiff is telling, to more accurately assess the damages suffered Plaintiff requests Defendants' time and payroll data for Plaintiff and the class members for the last five years from the date of this Notice.

## III. THE TOTAL AMOUNT OF ALLEGED UNPAID WAGES NOTICE DATE

As stated above, Defendants are in possession of the information necessary to accurately identify the wages owed to Plaintiff. Defendants' records of all hours worked by Plaintiff will be used to calculate the applicable minimum wage rate to accurately determine the wages owed to Plaintiff and the class members. Regarding the putative Class, Plaintiff cannot properly calculate the unpaid minimum wages owed to all Putative Class members without the production of Defendants' records for the last five years from the date of this notice.

Please advise whether Defendants plan to remedy this violation on a classwide basis within 15 days receipt of this correspondence, pursuant to section 448.110 of the FMWA. If Defendants are interested in attempting to resolve this matter on a classwide basis please provide us with data

from which we may provide specific information as to the damages for Plaintiff and the Putative Class during the 15 calendar-day period so we can confer.

                                                Very truly yours,

                                                */s/ Charles J. Kocher, Esq.*

cc:

Michael Kitson, Esq. (via email)
Shirley Lou-Magnuson (via email)
Stephanie Casey, Esq. (via email)