**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| JENNIFER MONDELLO, on behalf of herself and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>ICF TECHNOLOGY, INC., ACCRETIVE TECHNOLOGY GROUP, INC.,<br><br>          Defendants. | Civil Action No.: 8:24-cv-01037 |

**DEFENDANTS' ANSWER TO  CLASS AND**
**COLLECTIVE ACTION COMPLAINT**

## INTRODUCTION

COMES NOW Defendants ICF Technology, Inc. ("ICF"), and Accretive Technology Group, Inc. ("ATG"), collectively "Defendants," by and through counsel of record, Lewis Brisbois, LLP, and answers Plaintiff Jennifer Mondello's First Amended Collective and Class Action Complaint ("Complaint") as follows.

## PRELIMINARY STATEMENT

ICF operates the Streamate website, which provides a platform through which performers can live stream performances for customers. ATG is a holding company with subsidiaries involved in live-streaming, mobile app development, and artificial intelligence technology. ATG wholly owns ICF.

Defendants deny all allegations of unlawful conduct asserted by Plaintiff and object to Plaintiff's characterizations in her Preliminary Statement; at all times, Plaintiff was an independent contractor for ICF.  To the extent the allegations in the

1

Preliminary Statement call for legal conclusions, Defendants refer to the Court and deny the same.  Unless specifically admitted herein, Defendants expressly deny all allegations against them in the Complaint, and specifically deny that Defendants engaged in the unlawful or wrongful acts alleged by Plaintiff.

## PARTIES

1.      Answering paragraph 1 of the Complaint, Defendants admit only that Plaintiff executed a performer agreement and, on information and belief, first registered an account on Streamate in October 2022. To the extent that this paragraph 1 alleges Defendants have knowledge of Plaintiff's current residence, Defendants lack sufficient information to admit or deny that allegation and, therefore, denies them.

2.      Answering paragraph 2 of the Complaint, Defendants admit the allegations.

3.      Answering paragraph 3 and footnote 3 of the Complaint, Defendants admit the allegations.

4.      Answering paragraph 4 and footnote 4 of the Complaint, Defendants admit only that ICF requires that performers execute a performer agreement prior to accessing and using ICF's Streamate platform.[1] To the extent Plaintiff asserts allegations beyond this sole admission, Defendants deny the same. Further, Defendants state the allegations call for legal conclusions, therefore Defendants refer to the Court and deny the same. To the extent that this paragraph alleges any liability by Defendants or allege anything further or different than what is expressly admitted, any such allegation is expressly denied.

## JURISDICTION AND VENUE

---

[1] ICF owns and operates the webcam streaming site streamate.com and its affiliate website streamatemodels.com.

5.      Answering paragraph 5 and footnote 5 of the Complaint, Defendants deny that any performers were employed by ICF or ATG in Florida or elsewhere; rather, performers are properly classified as independent contractors. Defendants admit that Streamate can be accessed via the internet in Florida. The remaining allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same. To the extent that this paragraph alleges any liability by Defendants or allege anything further or different than what is expressly admitted, any such allegation is expressly denied.

6.      Answering paragraph 6 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

7.      Answering paragraph 7 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

8.      Answering paragraph 8 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

## FACTUAL ALLEGATIONS

9.      Answering paragraph 9 and the immediately preceding heading of the Complaint, Defendants admit that ICF operates the streaming website Streamate.com, which provides live, adult entertainment to customers.

10.      Answering paragraph 10 of the Complaint, Defendants admit Plaintiff registered online with ICF's Streamate platform, executed a performer agreement with ICF, and streamed live performances from Streamate. Plaintiff registered her first account in October 2022 and it was closed at her request in December 2022. Plaintiff opened a second account in November 2022 and was closed before it was approved. Plaintiff created a third account in January 2023 and that account is

currently active. To the extent that this paragraph alleges any liability by Defendants or alleges anything further or different than what is expressly admitted, any such allegation is expressly denied.

11. Answering paragraph 11 of the Complaint, Defendants admit the allegations.

12. Answering paragraph 12 of the Complaint, Defendants admit the allegations.

13. Answering paragraph 13 of the Complaint, Defendants admit the allegations.

14. Answering paragraph 14 of the Complaint, Defendants admit the allegations.

15. Answering paragraph 15 of the Complaint, Defendants admit the allegation that customers join a live stream to watch the performers and interact in a "free chat." Defendants lack sufficient information to admit or deny the allegation "[l]ike other adult entertainment streaming services," and therefore, deny it. Defendants further deny that they "severely limit" the activity a Performer may engage in while in a "free chat. To the extent that this paragraph alleges any liability by Defendants or allege anything further or different than what is expressly admitted, any such allegation is expressly denied.

16. Answering paragraph 16 of the Complaint, Defendants admit the allegations.

17. Answering paragraph 17 of the Complaint, Defendants admit ICF does not pay performers for time spent in free chat. To the extent that this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

18. Answering paragraph 18 of the Complaint, Defendants admit that ICF records performers' total minutes online and total paid minutes online. To the extent

4

that this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

19.    Answering paragraph 19 and the immediately preceding heading of the Complaint, Defendants admit that, prior to streaming, ICF requires performers to execute a written performer agreement. ICF's agreement prohibits illegal conduct, such as involvement of minors in any manner, prostitution or sex trafficking, fraud, or other unlawful conduct. The agreement also provides basic conduct guidelines and explains performers' rights regarding copyright and performing for other streaming websites. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same, and Defendants specifically deny that "ICF exhibits significant control" over performers.

20.    Answering paragraph 20 of the Complaint, Defendants admit that ICF's performer agreement contains conditions of use for Streamate. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

21.    Answering paragraph 21 of the Complaint, Defendants admit that ICF prohibits alcohol in performances or displaying below-the-waist nudity in free chat. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

22.    Answering paragraph 22 of the Complaint, Defendants admit that ICF's Streamate business constitutes adult entertainment, and that adult entertainment is a strictly regulated industry. Accordingly, ICF informs performers that they are legally prohibited from streaming certain activities on ICF's platform. ICF admits the performer agreement prohibits some other conduct, including drug or alcohol use, visible animals or firearms, and fraudulent or inappropriate activity. Defendants deny that prohibiting illegal behavior on the Streamate site is a subjective determination and made in their sole discretion.  To the extent this paragraph states

5

other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

23.    Answering paragraph 23 of the Complaint, Defendants admit that Plaintiff's account was blocked in August 2023 for prohibited roleplay, and was restored the same month after Plaintiff acknowledged that the violation would not occur again.  To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the court and deny the same.

24.    Answering paragraph 24 of the Complaint, Defendants have no knowledge regarding Plaintiff's beliefs and deny the remainder of the paragraph.

25.    Answering paragraph 25 of the Complaint, Defendants deny the allegations.

26.    Answering paragraph 26 of the Complaint, Defendants admit that Plaintiff's account was blocked from streaming for a period of less than 24 hours in order for Plaintiff to submit compliant documentation to support her change of address.  To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the court and deny the same.

27.    Answering paragraph 27 of the Complaint, Defendants admit that, for regulatory reasons, ICF approves images submitted by performers to their biographies that appear on Streamate. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

28.    Answering paragraph 28 of the Complaint, Defendants admit that ICF collects a photo of performers during the registration process and a live capture of performers' faces at the start of every broadcast to verify performer age in order to comply with 18 U.S.C. § 2257. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

29.     Answering paragraph 29 of the Complaint, Defendants admit that, at times, ICF uses Artificial Intelligence tools to analyze performer images and video in efforts to detect certain types of activity (including both for business uses and for regulatory compliance). To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

30.     Answering paragraph 30 of the Complaint, Defendants deny the allegations.

31.     Answering paragraph 31 of the Complaint, Defendants admit only that ICF's performer agreements have a termination clause that allows both ICF and the performer to terminate the agreement at any time. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

32.     Answering paragraph 32 and footnote 8 of the Complaint, Defendants admit that ICF's Streamate platform requires the performer to use their own basic equipment, including the technology needed to process data (a computer), stream video (a webcam), and access the internet (an internet connection). To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

33.     Answering paragraph 33 of the Complaint, Defendants admit that ICF does not reimburse performers for web-streaming equipment. To the extent this paragraph intended to state other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

34.     Answering paragraph 34 of the Complaint, Defendants admit that ICF does not reimburse performers who choose to purchase costumes or props. However, Defendants deny the allegation that performers are required to purchase costumes or props.  To the extent this paragraph intended to state other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

35.    Answering paragraph 35 of the Complaint, Defendants deny that ICF's pay to performers is directly related to and wholly dependent on their performances. Instead, pay to performers is derived from ICF customer payments related to performer content, including streaming performances, subscriptions, and the purchase of performer uploaded photos and videos. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

36.    Answering paragraph 36 of the Complaint, this paragraph contains legal conclusions to which no answer is required. To the extent that a response is required, Defendants deny the allegations. To the extent that this paragraph alleges any liability by Defendants, any such allegation is expressly denied.

37.    Answering paragraph 37 and footnote 9 of the Complaint, Defendants admit that ICF receives a variable percentage of the revenue derived from customers' purchases on Streamate, including "Gold," which is the Streamate currency equivalent. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

38.    Answering paragraph 38 and the immediately preceding heading of the Complaint, Defendants admit that performers who perform on Streamate must wear clothing above the waist when they are in "free chat." Defendants further admit that performers are responsible for setting up their equipment, must log in to their Streamate account to begin an online video stream session, and that Defendants do not pay performers for this time. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

39.    Answering paragraph 39 of the Complaint, Defendants admit that ICF pays performers the percentage of revenue that the performer and ICF agreed to which are received from customers during paid video chats. To the extent this paragraph asserts that Plaintiff exerts "the most energy and effort" during the free

chat period, Defendants lack sufficient information to admit or deny the allegations and, therefore, deny them.  To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

40.    Answering paragraph 40 of the Complaint, Defendants admit the allegations.

41.    Answering paragraph 41 of the Complaint, Defendants admit that ICF pays performers a percentage of revenue received from customer paid chats. To the extent this paragraph states other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

42.    Answering paragraph 42 of the Complaint, Defendants admit that, pursuant to the parties' agreement, performers are not paid on an hourly basis. To the extent this paragraph asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

43.    Answering paragraph 43 of the Complaint, Defendants admit, during the week of September 10, 2023, Plaintiff streamed on Streamate for approximately 700 minutes, including in paid chats for approximately 127 minutes. To the extent this paragraph asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

44.    Answering paragraph 44 of the Complaint, Defendants state the allegations make legal conclusions, therefore Defendants refer to the Court and deny the same. To the extent this paragraph asserts other allegations with respect to Plaintiff, Defendants deny the same.

45.    Answering paragraph 45 of the Complaint, Defendants lack sufficient information to admit or deny the allegations, as Plaintiff states that she worked for a "one-week period in August 2023" with no further indication as to which week in August 2023 she is referring. Accordingly, Defendants deny the allegations in paragraph 45.

46.     Answering paragraph 46 of the Complaint, Defendants state the allegations make legal conclusions, therefore Defendants refer to the Court and deny the same.

47.     Answering paragraph 47 of the Complaint, Defendants deny the allegations.

48.     Answering paragraph 48 of the Complaint, Defendants admit that ICF has metrics that it tracks for performers including Plaintiff. Those metrics include total minutes online and total paid minutes.   To the extent this paragraph asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

49.     Answering paragraph 49 of the Complaint, Defendants admit that, pursuant to language in Plaintiff's performer agreement, ICF can record Plaintiff and may use the recordings in its marketing and advertisements. To the extent this paragraph asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

50.     Answering paragraph 50 of the Complaint, Defendants deny the allegations.

51.     Answering paragraph 51 of the Complaint, Defendants admit that ICF's Streamate, like other streaming websites (including non-adult-oriented sites, like YouTube and Twitch), requires some equipment and prohibits certain conduct based on federal, state, and local law. Further, ICF prohibits performers from advertising non-Streamate accounts or websites on the biography of the performer that appears on Streamate or during their Streamate-based video chats. To the extent this paragraph asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same, and Defendants specifically deny that "Defendants exerted substantial control over the most basic aspects of Plaintiff's work."

52.     Answering paragraph 52 of the Complaint, Defendants admit that ICF provides an online platform where performers can stream content on the internet. To the extent this paragraph asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

53.     Answering paragraph 53 of the Complaint, Defendants admit that ICF operates Streamate, which is a platform where performers can stream adult content on the internet. To the extent this paragraph asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

54.     Answering paragraph 54 and footnote 10 of the Complaint, Defendants admit that in order to stream content on Streamate, performers are required to have a webcam, computer, and internet connection to stream video chats on Streamate. To the extent this allegation asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

55.     Answering paragraph 55 and footnote 11 of the Complaint, Defendants admit that ICF pays performers who stream content on Streamate with a percentage of customer money spent on performer content. To the extent this allegation asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

56.     Answering paragraph 56 of the Complaint, Defendants deny the allegations.

57.     Answering paragraph 57 of the Complaint, Defendants deny the allegations.

58.     Answering paragraph 58 of the Complaint, Defendants deny the allegations.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

59. Answering paragraph 59 and the immediately preceding heading of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

60. Answering paragraph 60 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

61. Answering paragraph 61 of the Complaint, Defendants deny the allegations.

62. Answering paragraph 62 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

63. Answering paragraph 63 of the Complaint, Defendants deny the allegations.

64. Answering paragraph 64 of the Complaint, Defendants deny the allegations.

65. Answering paragraph 65 of the Complaint, Defendants deny the allegations.

66. Answering paragraph 66 and the immediately preceding heading of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

67. Answering paragraph 67 of the Complaint, the allegations in this paragraph call for legal conclusion, therefore Defendants refer to the Court and deny the same.

68. Answering paragraph 68 of the Complaint, Defendants deny the allegations.

69. Answering paragraph 69 of the Complaint, Defendants deny the allegations.

70.     Answering paragraph 70 of the Complaint, Defendants deny the allegations.

71.     Answering paragraph 71 of the Complaint, Defendants have no knowledge regarding the allegations in this paragraph and therefore deny the same.

72.     Answering paragraph 72 of the Complaint, Defendants deny the allegations.

73.     Answering paragraph 73 of the Complaint, Defendants deny the allegations.

74.     Answering paragraph 74 of the Complaint, Defendants deny the allegations.

## COUNT I

### THE FAIR LABOR STANDARDS ACT OF 1938
### MINIMUM WAGE VIOLATIONS
### *(On Behalf of Plaintiff and the FLSA Florida Collective)*

75.     Answering paragraph 75 of the Complaint, Defendants incorporate their prior answers as if fully set forth herein.

76.     Answering paragraph 76 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

77.     Answering paragraph 77 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

78.     Answering paragraph 78 of the Complaint, Defendants deny the allegations.

79.     Answering paragraph 79 of the Complaint, Defendants deny the allegations.

13

80. Answering paragraph 80 of the Complaint, Defendants deny the allegations.

81. Answering paragraph 81 of the Complaint, Defendants deny the allegations.

82. Answering paragraph 82 of the Complaint, Defendants deny the allegations.

83. Answering paragraph 83 of the Complaint, Defendants deny the allegations.

84. Answering paragraph 84 of the Complaint, Defendants deny the allegations.

85. Answering paragraph 85 of the Complaint, Defendants deny the allegations.

86. Answering paragraph 86 of the Complaint, Defendants deny the allegations.

## COUNT II

### FLORIDA WAGE AND HOUR LAW
### MINIMUM WAGE VIOLATIONS
### *(On Behalf of Plaintiff and the Rule 23(b)(3) Class)*

87. Answering paragraph 87 of the Complaint, Defendants incorporate their prior answers as if fully set forth herein.

88. Answering paragraph 88 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

89. Answering paragraph 89 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

14

90. Answering paragraph 90 of the Complaint, Defendants deny the allegations.

91. Answering paragraph 91 of the Complaint, Defendants deny the allegations.

92. Answering paragraph 92 of the Complaint, Defendants deny the allegations.

93. Answering paragraph 93 of the Complaint, Defendants deny the allegations.

94. Answering paragraph 94 of the Complaint, Defendants deny the allegations.

95. Answering paragraph 95 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

96. Answering paragraph 96 of the Complaint, the allegations in this paragraph call for legal conclusions, therefore Defendants refer to the Court and deny the same.

97. Answering paragraph 97 of the Complaint, Defendants deny the allegations.

98. Answering paragraph 98 of the Complaint, Defendants deny the allegations.

99. Answering paragraph 99 of the Complaint, Defendants deny the allegations.

100. Answering paragraph 100 of the Complaint, Defendants deny the allegations.

101. Answering paragraph 101 of the Complaint, Defendants deny the allegations.

102. Answering paragraph 102 of the Complaint, Defendants deny the allegations.

103. Answering paragraph 103 of the Complaint, Defendants deny the allegations.

104. Answering paragraph 104 of the Complaint, Defendants admit that Plaintiff sent a notice to Defendants notifying them of alleged violations on April 12, 2024 and admit they have not responded to the notice, but deny that Plaintiff has satisfied the notice requirements of the FMWA, Fla. Stat. § 448.110(6)(a). To the extent this allegation asserts other allegations or makes legal conclusions, Defendants refer to the Court and deny the same.

105. Answering paragraph 105 of the Complaint, Defendants deny the allegations.

## PRAYER FOR RELIEF

No response is required to Plaintiff's Prayer for Relief. To the extent a response is required, Defendants deny Plaintiff's Prayer for Relief and specifically deny that Plaintiff is entitled to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

BY WAY OF DEFENSES AND AFFIRMATIVE DEFENSES, and without assuming any burden of proof that they would not otherwise have under applicable law, Defendants allege that they have not yet had a full opportunity to conduct a reasonable inquiry into all facts underlying this lawsuit, but based upon their knowledge, information, and belief at this time, wish to interpose the following affirmative and other defenses, some or all of which may ultimately be supported by the facts to be revealed in discovery and investigation of the case. In asserting defenses, Defendants do not allege or admit that they have the burden of proof or persuasion with respect to any of these matters and do not assume the burden of

16

proof or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion. On the basis of the above, by way of further answer to the Complaint, Defendants assert the following defenses and affirmative defenses:

1. The Court lacks personal jurisdiction over any members of the putative class or collective who do not have connections to Defendants in the State of Florida.

2. Venue is not proper in this Court for claims of any member of the putative class or collective who do not have connections to Defendants in the State of Florida.

3. The putative collective action cannot be certified under the proposed definition because there is no personal jurisdiction over putative collective members who do not have connections to Defendants in the State of Florida.

4. This Court is the improper venue for this matter as to all of Plaintiff's and the putative class's claims per the venue provision in the Performer Agreement.

5. Plaintiff's claims and those of putative class members under Florida state law are barred, in whole or in part, to the extent those laws do not apply to work performed outside the State of Florida.

6. With respect to some or all of Plaintiff's claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

7. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, Plaintiff has failed to mitigate or minimize the alleged damages.

8. Plaintiff's damages are barred in whole or in part by the doctrines of after-acquired evidence, unclean hands and/or unjust enrichment.

9. Plaintiff's claims and those of the putative class and collective are barred, in whole or in part, by the doctrine of accord and satisfaction.

10. Plaintiff's claims are specifically barred because neither she nor any individual in the putative class or collective are "employees" under federal or Florida law. Instead, all performers on Streamate, including Plaintiff, are independent contractors.

11. Plaintiff's claims of statutory wage and hour violations are barred, in whole or in part, to the extent they are based on the alleged failure to reimburse business expenses.

12. To the extent applicable, Plaintiff's claims and any claims of any individual in the alleged class or collective are barred by the statute of limitations under federal or Florida law.

13. Plaintiff cannot maintain class claims because Plaintiff lacks standing to assert claims for relief as an individual or on behalf of any purported class; Plaintiff is not an adequate class representative; and Plaintiff cannot assert claims on behalf of the purported class due to Plaintiff's material and substantial conflicts with the class Plaintiff purports to represent.

14. Plaintiff cannot assert claims on behalf of the purported class because the purported class lacks sufficient numerosity and Plaintiff's claims are not typical of the claims of the purported class.

15. Class treatment is not appropriate for Plaintiff's claims because resolution of Plaintiff's claims will require individualized inquiries of each purported class member's individual factual circumstances.

16. Plaintiff's request for monetary relief, in the form of compensatory damages, predominates over Plaintiff's request for injunctive and declaratory relief; questions of law or fact affecting only individual members of the putative class predominate over questions affecting the purported class; and a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims.

17. Plaintiff's putative collective and class actions fail because the questions of law and fact presented in the Complaint are not common to the proposed class or collective.

18. The putative class or collective as described in the Complaint cannot be certified in whole or in part because no damages mode is susceptible to measurement across the entire putative class or collective.

19. The Complaint, and each cause of action alleged in the Complaint, fail, in whole or in part, because Plaintiff and the putative class and collective action members failed to raise these claims in a timely fashion, and the delay was not reasonable. Plaintiff and the putative class and collective action members did not request payment for wages allegedly owed during the delay, and Defendants were prejudiced.

20. To the extent that Plaintiff is able to show that she or any individual in the alleged class or collective is an "employee," Defendants did not purposely misclassify performers, withhold wages, or otherwise refuse to pay performers in bad faith. At all times, Defendants acted in good faith, and based upon a reasonable belief that such action was not a violation of the Fair Labor Standards Act or Florida law.

21. If Plaintiff is able to show any violation of the Fair Labor Standards Act, which is denied, Defendants are entitled to a set-off for all compensation and benefits Plaintiff or any putative class or collective action members would not otherwise have received if Plaintiff was classified as a non-exempt employee.

22. Plaintiff's claims and those of members of the putative class and collective are barred pursuant to the ICF performer agreement's explicit enumeration that performers are not employees of Streamate or ICF for any purpose, whatsoever.

23.    Defendants' alleged conduct is not the sole and proximate cause of the alleged damages and losses, as the acts of third parties also caused the alleged harm, if any. Any damages awarded to Plaintiff and proposed class and collective action members must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities or their agents, servants and employees who contributed to or caused the alleged damages, if any, according to the proof presented at the time of trial.

24.    The Complaint fails to state a claim upon which an award of liquidated damages can be awarded.

25.    The Complaint fails to state a claim upon which an award of attorney's fees can be granted.

26.    Plaintiff and the putative class and collective action members are not entitled to injunctive remedies because they have an adequate remedy at law, namely, the recovery of monetary damages.

27.    Plaintiff and the putative class and collective action members lack standing to obtain an injunction against Defendants because they are not current employees of Defendants.

28.    Class or collective action treatment is inappropriate based on the alleged class or collective, which are overly broad and defined in a manner such that class or collective membership is not objectively ascertainable and includes inherent conflicts of interest.

29.    The putative classes and collective, as defined in the Complaint, cannot be certified as they would constitute impermissible "fail safe" classes.

30.    Claims asserted in the Complaint cannot be maintained by or on behalf of individuals who waived and released those claims.

31. Claims asserted in the Complaint cannot be maintained by or on behalf of individuals who waived participation in class or collective proceedings and agreed instead to pursue any claims on an individual basis.

32. Defendants deny every allegation, whether express or implied, that is not unequivocally and specifically admitted in this answer.

33. Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff and/or the opt-ins and putative class and collective members are parties to binding arbitration agreements that require them to pursue their claims exclusively in binding arbitration on an individual basis and not in Court.

34. Plaintiff's pre-suit notice to Defendants on April 12, 2024 failed to satisfy the notice requirements of the FMWA, Fla. Stat. § 448.110(6)(a).

35. To the extent Plaintiff is entitled to damages, which Defendants deny, Defendants are entitled to a set-off against Plaintiff's claimed damages in the amount that Plaintiff earned, or could have earned, through reasonable efforts.

36. Because Streamate is an interactive computer service, as that term is defined by 47 U.S.C. 230(f)(2), and because Plaintiff and putative class and collective members are information content providers, as that term is defined by 47 U.S.C. 230(f)(3), Plaintiff and the putative class and collective cannot be classified as employees because doing so would inappropriately subject Defendants to liability for content on the Streamate platform under 47 U.S.C. 230(c).

Defendants reserve the right to assert additional affirmative defenses and defenses as they may become available or apparent during the course of this litigation.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, and having asserted defenses and affirmative defenses, Defendants pray for judgment as follows:

A.   For dismissal of Plaintiff's Complaint in its entirety with prejudice;

B.    For all costs, disbursements, and reasonable attorneys' fees; and

C.    For such other and further relief as the Court deems just and equitable.


DATED:  June 12, 2024

Respectfully submitted,


By:   /s/ *Cheryl Wilke*
Cheryl Wilke, Esq. (FL Bar No. 893780
LEWIS BRISBOIS
110 S.E. 6th Street, Suite 2600
Ft. Lauderdale, FL 33301
Telephone: 954.495.2220
Cheryl.Wilke@lewisbrisbois.com


Attorneys for Defendants ICF Technology, Inc
and Accretive Technology Group, Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed using the CM/ECF filing system that will send electronic notifications to all counsel of record on this 12th day of June, 2024.

/s/ *Cheryl Wilke*
Cheryl Wilke, Esq.

22