# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JENNIFER MONDELLO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ICF TECHNOLOGY, INC., ACCRETIVE TECHNOLOGY GROUP, INC.,<br><br>Defendants. | Civil Action No.: 8:24-CV-01037 |

# PLAINTIFF'S MOTION AND MEMORANDUM OF LAW
# IN SUPPORT OF HER MOTION FOR CONDITIONAL CERTIFICATION
# <u>PURSUANT TO 29 U.S.C. § 216(b)</u>

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................1

    A.    FLSA CONDITIONAL CERTIFICATION SHOULD BE DECIDED
        QUICKLY ................................................................................2

II.   FACTUAL BACKGROUND .........................................................3

    A.    THE STREAMATE WEBSITE ............................................3

    B.    PERFORMERS ARE SUBJECT TO DEFENDANTS' CONTROL
        UNDER THE AGREEMENT AND ARE SIMILARLY SITUATED ..4

    C.    PLAINTIFFS' COMMON LEGAL CHALLENGE TO
        DEFENDANTS' UNIFORM UNLAWFUL PAYMENT PRACTICES
        ................................................................................................6

III.  ARGUMENT..................................................................................7

    A.    FLSA CONDITIONAL CERTIFICATION .........................8

    B.    THE LENIENT CONDITIONAL CERTIFICATION STANDARD..10

    C.    BECAUSE PLAINTIFF SATISFIES THE "LENIENT" AND
        "MODEST FACTUAL SHOWING" STANDARD, CONDITIONAL
        CERTIFICATION SHOULD BE GRANTED....................................11

IV.   CONCLUSION............................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Allen v. Hartford Fire Ins. Co.*,
  16-CV-1603, 2017 WL 3701139 (M.D. Fla. Aug. 25, 2017)...........................11

*Anderson v. Cagle's, Inc.*,
  488 F.3d 945 (11th Cir. 2007) ...........................................................10

*Belloso v. Asplundh Tree Expert, Co.*,
  17-CV-2020, 2018 WL 4760671 (M.D. Fla. Aug. 24, 2018)...........................10

*Beo v. BTB Servs.*,
  08-CV-23129, 2009 WL 482822 (S.D. Fla. Feb. 25, 2009).................................2

*Burgos v. Emperor's Tampa, Inc.*,
  713 F. Supp. 3d 1246 (M.D. Fla. 2024)................................................15

*Czopek v. TBC Retail Grp., Inc.*,
  8:14-CV-675, 2015 WL 4716230 (M.D. Fla. Aug. 7, 2015) ..............................3

*Doe v. Banc, Jack & Joe, LLC*,
  2020 U.S. Dist. LEXIS 95129 (D.N.J. June 1, 2020)...........................12, 13, 14

*Evans v. Entm't 2851 LLC*,
  23-CV-00498, 2024 WL 341164 (M.D. Fla. Jan. 30, 2024) ..................8, 9, 12

*Gortat v. Capala Bros.*,
  2010 U.S. Dist. LEXIS 35451 (E.D.N.Y. Apr. 9, 2010) .....................................2

*Grayson v. K Mart Corp.*,
  79 F.3d 1086 (11th Cir. 1996) ...........................................................9

*Guzman v, Three Amigos SJL Inc.*,
  117 F. Supp. 3d 516 (S.D.N.Y. 2015) ...............................................13

*Harrell v. Diamond A Entm't, Inc.*,
  992 F. Supp. 1343 (M.D. Fla. 1997).................................................15

*Hart v. Rick's Cabaret Intern. Inc.*,
  967 F. Supp. 2d 901 (S.D.N.Y. 2013) ...............................................13

*Henderson v. 1400 Northside Drive, Inc.*,
   110 F. Supp. 3d 1318 (N.D. Ga. 2015)..........................................................14, 15

*Hipp v. Liberty Nat'l Life Ins. Co.*,
   252 F.3d 1208 (11th Cir. 2001)...........................................................................9

*Hoffman-LaRoche v. Sperling*,
   493 U.S. 165 (1989)...........................................................................................8

*Kelsey v. Entertainment U.S.A. Inc.*,
   67 F. Supp. 3d 1061 (D. Az. 2014)....................................................................13

*Leitzke v. JPMorgan Chase Bank, N.A.*,
   19-CV-2174, 2019 WL 11787963 (M.D. Fla. Dec. 9, 2019) .............................11

*Manasco v. Best in Town, Inc.*,
   21-CV-00381, 2023 WL 5963434 (N.D. Ala. Sept. 13, 2023) ............................9

*Morgan v. Family Dollar Stores, Inc.*,
   551 F.3d 1233 (11th Cir. 2008) ......................................................................1, 8

*Mueller v. CBS, Inc.*,
   201 F.R.D. 425 (W.D. Pa. 2001) ......................................................................10

*Schofield v. Gold Club Tampa, Inc.*,
   19-CV-3097, 2021 WL 533540 (M.D. Fla. Feb. 12, 2021) ...............................14

*Shaw v. Set Enterprises, Inc.*,
   241 F. Supp. 3d 1318 (S.D. Fla. 2017) .............................................................14

*Taylor v. Pittsburgh Mercy Health System, Inc.*,
   2009 U.S. Dist. LEXIS 40080 (W.D. Pa. May 11, 2009) ....................................2

*Thompson v. Linda And A., Inc.*,
   779 F. Supp. 2d 139 (D.D.C. 2011)..................................................................13

*Wallace v. Advanced Disposal Services, Inc.*,
   09-CV-659, 2009 WL 10688142, at *4 (N.D. Ala. Aug. 28, 2009)...................10

*Woods v. Club Cabaret, Inc.*,
   140 F. Supp. 3d 775, 780 (C.D. Ill. 2015) ........................................................13

**Statutes**

29 U.S.C. § 216(b) ................................................................................1, 7

## I.    INTRODUCTION

Plaintiff Jennifer Mondello ("Plaintiff") moves for conditional certification of the following Fair Labor Standards Act ("FLSA") collective: All current and former individuals who work or have worked as Performers for ICF Technology, Inc. and/or Accretive Technology Group, Inc. in the state of Florida at any time since three (3) years prior to the entry of the Order granting conditional certification, and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

The FLSA's conditional certification standard is not high. At this stage, the plaintiff has the burden of showing just a "reasonable basis" for her claim. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). The Eleventh Circuit has described this standard as "not particularly stringent," "fairly lenient," and "not heavy." *Id*. at 1260-61 (collecting cases). As discussed below, Plaintiff has met her evidentiary burden to satisfy the "fairly lenient" standard to grant conditional certification and approve the dissemination of the proposed FLSA notice, **Ex. A**[1], so that collective members can join this suit.

Indeed, in a virtually identical case brought by New Jersey Performers, the U.S. District Court for the District of New Jersey recently granted conditional certification of a FLSA Collective consisting of individuals who worked as Performers for Defendants (ICF Technology, Inc. and/or Accretive Technology

---

[1] All exhibits are to the Declaration of Stephanie A. Casey, Esq.

Group, Inc.) in New Jersey and, like Plaintiff and the Florida Collective here, were classified as independent contractors under their Performer Agreements. (*See* Order Granting Conditional Certification, **Ex. B.**) (making findings that apply equally here to this case).

### A.    FLSA CONDITIONAL CERTIFICATION SHOULD BE DECIDED QUICKLY

As district courts have repeatedly recognized, "'time [is] of the essence' for purposes of FLSA notice '[b]ecause the . . . statute of limitations is not tolled [until] a potential plaintiff opts in[to]' the proposed collective action." *Taylor v. Pittsburgh Mercy Health System, Inc.*, 2009 U.S. Dist. LEXIS 40080, at *2 (W.D. Pa. May 11, 2009); *Gortat v. Capala Bros.*, 2010 U.S. Dist. LEXIS 35451, at *30 (E.D.N.Y. Apr. 9, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in, see 29 U.S.C. § 256(b), early certification and notice are favored in order to protect plaintiffs' rights.").

"[D]elay in conditional certification defeats the purposes of the FLSA and increases the chances that the statute of limitations may expire for potential opt-in plaintiffs." *Florence v. Deli Mgmt., Inc.*, 18-CV-4303, 2018 WL 7474860, at *1 (N.D. Ga. Dec. 18, 2018); *Beo v. BTB Servs.*, 08-CV-23129, 2009 WL 482822, at *1 (S.D. Fla. Feb. 25, 2009) ("Plaintiffs would be substantially prejudiced by the continued running of the statute of limitations absent conditional certification to allow Plaintiffs to provide notice to the putative Plaintiff class.").

Accordingly, Plaintiff requests that this Court adjudicate this time-sensitive Motion as soon as practicable given that the statute of limitations is not tolled for the FLSA claim. *See Czopek v. TBC Retail Grp., Inc.*, 8:14-CV-675, 2015 WL 4716230, at *5 (M.D. Fla. Aug. 7, 2015) ("[T]he court's initial decision to conditionally certify a collective action often comes early in the case.").

## II.    FACTUAL BACKGROUND

### A.    THE STREAMATE WEBSITE

Defendants admit that they operate a streaming website under the name Streamate.com ("Streamate"). (Defs.' Ans. [ECF No. 21] ¶ 2.) Streamate is in the business of providing on that website "live, adult entertainment to its customers." (FAC [ECF No. 12] ¶ 9.) In or about 2022, Plaintiff registered online with Streamate, executed an Agreement ("Agreement") with Defendant ICF, and thereafter began streaming live performances for Streamate. (FAC ¶ 10; a copy of the Agreement is attached as **Ex. C**); Mondello Declaration (**Ex. D**) ¶ 2; Tomasello Declaration (**Ex. E**) ¶ 4. Defendants require all Performers to execute the Agreement, and all Performers are subject to its terms. (Defs.' Ans. ¶ 4: "Defendants admit only that ICF requires that performers execute a performer agreement prior to accessing and using ICF's Streamate platform.")

On Streamate, thumbnails of the Performers are visible, and customers choose which Performer's stream they join. Like other adult entertainment streaming

services, customers join a live stream to watch the Performers and interact in a "free chat." From there, the Performer may engage with a person for continued viewing in a "paid chat." (FAC ¶¶ 15-16.) Plaintiff and other Performers are not compensated for their time outside of the "paid chat," and Defendants track both "total minutes online" and "total paid minutes" for each Performer. (FAC ¶¶ 17-18; Defs.' Ans. ¶ 18: "Defendants admit that ICF records performers' total minutes online and total paid minutes online."). "Defendants admit that ICF does not pay performers for time spent in the free chat." (Defs.' Ans. ¶ 17.)

## B.    PERFORMERS ARE SUBJECT TO DEFENDANTS' CONTROL UNDER THE AGREEMENT AND ARE SIMILARLY SITUATED

Pursuant to the Agreement signed by all Performers, ICF exhibits significant control over the manner in which Performers attempt to entice the customer to join a "paid chat." The Agreement between Performers and ICF, including the one signed by Plaintiff, provides rules on what the Performers may and may not do during a stream. (FAC ¶¶ 19-20.); Mondello Declaration (**Ex. D**) ¶ 3; Tomasello Declaration (**Ex. E**) ¶ 5. By way of example but not limitation, the Agreement prohibits Performers from involving alcohol in a performance and displaying "below the waist" nudity in so called "free areas." (FAC ¶ 21; Agreement (**Ex. C**) at DEF_FL_000500 §§ (K)(4), (J)(6).) The Agreement also prohibits Performers from engaging in any activity that is "inappropriate" which is solely determined by ICF. ICF has full control in determining what is and what is not allowed while a Performer

4

is streaming and performing both inside and outside of "paid chats." (FAC ¶ 22; Agreement (**Ex. C**) at DEF_FL_000500 § (K)(8).) Defendants are in full control of how and when a performer is disciplined, and separate potential violations into "No Tolerance Rules," "Three-Strike Rules," and behavior during streams that is "Allowed With Some Exceptions." (Streaming Rules FAQ (attached as **Ex. F**) at DEF_FL_000310-DEF_FL_000317.) Regarding each distinct subsect of rules, Defendants have the final say—and, in fact, the *only* say—in whether a performer is disciplined and to what extent they are disciplined. Defendants, in their sole discretion, have the ability to warn the performer of a violation, suspend a performer's account, or close the account, i.e., terminate a performer. (Streaming Rules FAQ (**Ex. F**) at DEF_FL_000310-DEF_FL_000317.)

Pursuant to the common Agreement, ICF also requires that the images submitted by Performers to their website biographies be approved by ICF. (FAC ¶ 27; DEF_FL_000500 Agreement (**Ex. C**) § (K)(9).) The Agreement also allows ICF to capture biometric data from Plaintiff and the FLSA Collective, and to use the images and videos of Plaintiff and the FLSA Collective members "***for Artificial Intelligence***, including Machine learning both to train and to detect . . . if a room is empty, etc." (FAC ¶¶ 28-29; Agreement (**Ex. C**) at DEF_FL_000499 §§ (G), (H) (emphasis added).) Defendants admit this in their Answer. (Defs.' Ans. ¶ 28-29.)

The common Agreement also restricts Plaintiff and the FLSA Collective members from promoting on any non-Streamate related websites. (FAC ¶ 30; Agreement (**Ex. C**) at DEF_FL_000500 § (K)(5).); Mondello Declaration (**Ex. D**) ¶ 7; Tomasello Declaration (**Ex. E**) ¶ 7. Importantly, pursuant to the Agreement, ICF may terminate the Agreement in its "sole discretion for any reason whatsoever." (FAC (Ex. A) ¶ 31; Agreement (**Ex. C**) DEF_FL_000502 § (O).) Defendants also require that Plaintiff and the FLSA Collective purchase certain equipment, including a computer, a webcam and an internet connection. (Defs.' Ans. ¶ 32.) Plaintiff and the Performers are not reimbursed for this web-streaming equipment. (*Id.* ¶ 33.) Plaintiff and the FLSA Collective are also required to purchase their own costumes and props, and are not reimbursed. (FAC ¶¶ 34; Agreement (**Ex. C**) at DEF_FL_000501-502 § (M).)

### C. PLAINTIFFS' COMMON LEGAL CHALLENGE TO DEFENDANTS' UNIFORM UNLAWFUL PAYMENT PRACTICES

Performers, including Plaintiff, begin their work by removing above-the-waist clothing or putting on a costume or other adult attire for webcamming, setting up their equipment, logging into Streamate, and then starting a stream. This is for the benefit of Defendants. Defendants do not compensate Plaintiff or the Performers for this time. Upon beginning her "stream," Plaintiff turns on her camera and attempts to entice customers to join her paid chat. Despite this being the period where Plaintiff

is either partially nude or performing sexual acts to entice customers to join a "paid chat," she is not compensated for this time. (FAC ¶¶ 38-39.) The same is true for the FLSA Collective members.

Customers can view a preview of Plaintiff's stream, but they join the paid chat by clicking "Go Private" and paying per minute. Performers' compensation begins after, ***and only after***, a customer joins the paid chat and the customers submit the first payment. As a result of Defendants' payment practices, Performers are only compensated for a fraction of the work hours they provide Defendants. (FAC ¶¶ 40-41.) "Defendants admit ICF does not pay performers for time spent in free chat." (Defs.' Ans. at ¶ 17.) Accordingly, this factual predicate to Plaintiff's wage claim is common among all Streamate Performers, including Plaintiff.

Accordingly, Plaintiff Mondello and the FLSA Collective she seeks to conditionally certify are similarly situated because they worked in the same or similar positions; are required to abide by the same rules set forth in identical agreements; endured the same pay policies and misclassification; and were paid in the same or similar manner.

## III.   ARGUMENT

An employee alleging violations of the FLSA may bring an action on behalf of herself and all others "similarly situated" to recover overtime compensation unlawfully withheld from them during their employment. 29 U.S.C. § 216(b).  A

collective action "allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.  The judicial system benefits by efficient resolution of common issues of fact and law arising from the same alleged . . . activity."  *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989).

Certification of a collective action under the FLSA requires: (1) that the class be "similarly situated," and (2) that the plaintiffs "opt in" by filing with the court their consent to suit. *See Morgan*, 551 F.3d at 1258-59. Here, conditional certification is warranted because Plaintiffs have alleged more than sufficient facts to meet the "not particularly stringent," "fairly lenient," "flexible," and "not heavy" burden "of showing a 'reasonable basis' for [her] claim that there are other similarly situated employees." *Id*. at 1260-61. Consequently, Plaintiffs request that the Court facilitate notice to the FLSA Collective and approve the proposed notice form, which was approved by Defendants and the U.S. District Court for the District of New Jersey in the *Tomasello* Action. **Ex. A**.

## A.    FLSA CONDITIONAL CERTIFICATION

The Eleventh Circuit has adopted a two-stage approach to determine whether an FLSA action should be certified as collective. *Evans v. Entm't 2851 LLC*, 23-CV-00498, 2024 WL 341164, at *1 (M.D. Fla. Jan. 30, 2024).  The first stage—called the conditional certification or notice stage—begins when the plaintiff moves to conditionally certify the class to provide notice to potential opt-

in plaintiffs. *Id*. "Because the court has minimal evidence [at this stage, usually only the pleadings and some affidavits], this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id*. (quoting *Hipp v. Liberty Nat'l Life Ins. Co*., 252 F.3d 1208, 1218 (11th Cir. 2001)). "The plaintiffs bear the burden of demonstrating a 'reasonable basis' for their claim. They may meet this burden, which is not heavy, by making detailed allegations supported by affidavits." *Id*. (quoting *Grayson v. K Mart Corp*., 79 F.3d 1086, 1095 (11th Cir. 1996)) (cleaned up).

If the plaintiff clears this minimal hurdle, the class is conditionally certified and potential opt-in plaintiffs receive court-approved notice of the collective action. *Id*. at *2. The parties then engage in discovery, and "once discovery is largely complete, the second stage begins when the defendant moves to decertify the conditionally certified class." *Id*. At this second stage, "the record developed through discovery allows the court to make a more informed factual determination of similarity." *Id*. (internal quotations omitted).

This case is in the first stage: Plaintiff moves for conditional certification to provide potential plaintiffs with notice and the ability to opt in. Plaintiff has already demonstrated interest of potential opt-ins within Florida. *See* Tomasello Declaration (**Ex. E**) ¶ 4; Kocher Declaration (**Ex. G**) ¶¶ 7-10 (identifying 10 opt-ins in identical *Tomasello* Action pending in U.S. District Court for the District of New

Jersey midway into the 60-day opt-in period for 203 New Jersey potential FLSA Collective members and noting that there are more than one thousand **additional** potential collective members here in Florida (1,218)).

## B.    THE LENIENT CONDITIONAL CERTIFICATION STANDARD

At this initial stage, "district courts regularly approve conditional class certification where a plaintiff makes a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Belloso v. Asplundh Tree Expert, Co*., 17-CV-2020, 2018 WL 4760671, at *3 (M.D. Fla. Aug. 24, 2018). In making this showing, the plaintiff may rely on her "detailed allegations," supported by the defendant's "admissions, and other documentary evidence." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007).

The plaintiff's initial burden is minimal "because the determination that the parties are similarly situated is merely a preliminary one that may be modified or reversed at the second stage" *Wallace v. Advanced Disposal Services, Inc.*, 09-CV-659, 2009 WL 10688142, at *4 (N.D. Ala. Aug. 28, 2009); *Mueller v. CBS, Inc.*, 201 F.R.D. 425, 429 (W.D. Pa. 2001) ("to require conclusive findings of 'similar situations' before providing notice . . . to absent class members 'would condemn any large class claim . . . to a chicken and egg limbo in which the class could only notify all its members to gather after it had gathered together all its members").

Consistent with the above principles, "the Court does not weigh the relative merits of the parties' claims at this conditional certification stage." *Allen v. Hartford Fire Ins. Co.*, 16-CV-1603, 2017 WL 3701139, at \*7 (M.D. Fla. Aug. 25, 2017) ("Indeed, in the absence of a fully developed factual record, Plaintiffs' burden is focused on advancing their own original allegations of a sufficiently similar class, not on refuting [defendant's] arguments and defenses.") (cleaned up); *Leitzke v. JPMorgan Chase Bank, N.A.*, 19-CV-2174, 2019 WL 11787963, at \*2 (M.D. Fla. Dec. 9, 2019) ("At the conditional-certification stage, the Court does not weigh evidence or make credibility determinations.").

## C.    BECAUSE PLAINTIFF SATISFIES THE "LENIENT" AND "MODEST FACTUAL SHOWING" STANDARD, CONDITIONAL CERTIFICATION SHOULD BE GRANTED

The record sufficiently demonstrates that Plaintiff and the putative FLSA Collective of Performers are bound together by a common set of core facts. ***First***, all individuals who Perform on Streamate are governed by a common Agreement. **Ex. C**.  The common Agreement makes clear that "[t]he ***only*** persons who can upload Content onto our website are ***our approved Performers***." **Ex. C** at DEF_FL_000498 (emphasis added). ***Second***, the common Agreement provides that Performers are subject to the same rules by Defendants listed in the or face termination or other discipline. **Ex. C** at DEF_FL_000500; **Ex. F** at DEF_FL_000310-317. ***Third***, the Performers are subject by Defendants' common

11

pay practices, including their tracking and monitoring "total minutes online" and "total paid minutes online." FAC ¶ 48. ***Fourth,*** Plaintiff and the FLSA Collective are all subject to the alleged improper misclassification as independent contractors.

***Finally***, district courts frequently conditionally certify and order that notice be sent to similar collectives of performers who, like the Performers at issue here, were all subject to the same unlawful policies and practices. Notably, in a virtually identical case brought by New Jersey Performers, the U.S. District Court for the District of New Jersey recently granted conditional certification of a FLSA Collective consisting of individuals who worked as Performers for Defendants (ICF Technology, Inc. and/or Accretive Technology Group, Inc.) in New Jersey and were classified as independent contractors under their Performer Agreements. (*See* Order Granting Conditional Certification, **Ex. B**.).

Other district courts across the country, including in Florida, have conditionally certified similar collectives. There is large body of case law in which FLSA collectives composed of exotic dancers, work analogous to that performed by Plaintiff and other Streamate Performers, have been certified. *See, e.g.*, *Evans*, 2024 WL 341164, at *1 (granting conditional certification in action brought "on behalf of all exotic dancers who have worked for Defendants' business and whose alleged misclassification as independent contractors has led to FLSA violations."); *Doe v. Banc, Jack & Joe, LLC*, 2020 U.S. Dist. LEXIS 95129, at *12-13 (D.N.J. June 1,

2020) (granting conditional certification and stating "[plaintiff has made a factual showing that defendants maintain a company-wide policy of treating members of the putative class as independent contractors, and thereby has met her fairly lenient burden."); *Woods v. Club Cabaret, Inc.*, 140 F. Supp. 3d 775, 780 (C.D. Ill. 2015) (granting conditional certification of class of exotic dancers who worked at same club with same working conditions); *Guzman v, Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 523-527 (S.D.N.Y. 2015) (finding exotic dancers subjected same compensation policies "similarly situated" for purposes of conditional certification under § 216(b)); *Kelsey v. Entertainment U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1065-66 (D. Az. 2014) (granting conditional certification where dancers subject to same policies, including house fee payment); *Hart v. Rick's Cabaret Intern. Inc.*, 967 F. Supp. 2d 901, 909-10 (S.D.N.Y. 2013) (recognizing grant of conditional certification); *Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139, 142 (D.D.C. 2011) (same).

Here, the facts surrounding the Performers' work for Streamate are analogous to those of the exotic dancers in the above cases. In *Doe*, the plaintiff and other exotic dancers were misclassified as independent contractors, were subject to common pay practices, and were provided "official rules of the club" that "appl[ied] to all dancers." *Doe*, U.S. Dist. LEXIS 95129, at *6. This Court held that the modest evidence provided there, which included the "rules of the club" and deposition

testimony admitting that the dancers were not paid minimum wage given their independent contractor status, warranted certification. The *Doe* court expanded, writing "Doe has offered more than a modest factual showing that she and other members of the putative class are similarly situated; in addition to defendants' uniform policy of classifying them as independent contractors, she has also evidenced that they work or worked at the same locations, and shared the same duties and responsibilities as dancers." *Id*. at *13.

The same is true here. Plaintiff and other Performers are required to abide by rules set forth in the common Agreements, just as the dancers in *Doe* were governed by the "rules of the club." Further, as with the litany of exotic dancer cases in which conditional certification has been granted, all Performers are subject to the same unlawful payment practices which run afoul of the FLSA. The Performers work in the same place, that is, on Streamate's website, and in essence share the same duties. Finally, all Performers have been subject to independent contractor classification by Defendants.[2] As a court in this district recently noted, "courts are in near-unanimous

---

[2] Cases involving exotic dancers hinge on the threshold question of employee misclassification. "District courts in the Eleventh Circuit have uniformly found exotic dancers to be employees of the clubs in which they perform." *Schofield v. Gold Club Tampa, Inc.*, 19-CV-3097, 2021 WL 533540, at *4 (M.D. Fla. Feb. 12, 2021); *see, e.g.*, *Manasco v. Best in Town, Inc.*, 21-CV-00381, 2023 WL 5963434, at *2 (N.D. Ala. Sept. 13, 2023) (finding exotic dancers were misclassified as independent contractors); *Shaw v. Set Enterprises, Inc.*, 241 F. Supp. 3d 1318, 1327 (S.D. Fla. 2017) (finding exotic dancers were employees under FLSA and Florida law); *Henderson v. 1400 Northside Drive, Inc.*, 110 F. Supp. 3d 1318,

agreement that exotic dancers are generally employees, not independent contractors." *Burgos v. Emperor's Tampa, Inc.*, 713 F. Supp. 3d 1246, 1257 (M.D. Fla. 2024). These common issues of law and fact shared by Plaintiff and other Performers indicate they are similarly situated. Accordingly, Plaintiff has satisfied the modest factual showing standard, and conditional certification of the FLSA Collective is warranted.

## IV.    CONCLUSION

Plaintiffs have demonstrated more than a modest factual showing that they and the putative FLSA Collective members are similarly situated because they are subject to common policies highlighted by the Agreement. Accordingly, Plaintiffs respectfully request that the Court: (1) grant conditional certification to the FLSA Collective; (2) order the identification of all individuals in the FLSA Collective; and (3) authorize the issuance of proposed Notice (**Ex. A**) to all potential opt-in Plaintiffs. An accompanying proposed form of order follows, as permitted under the Court's General Preferences.

---

1324 (N.D. Ga. 2015) (finding dancers not exempt from minimum wage and overtime provisions of the FLSA); *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1354 (M.D. Fla. 1997) ("The totality of the evidence before the Court indicates that [the club] employed Plaintiff [(a dancer)] as defined under the FLSA").

Dated: October 11, 2024                    Respectfully submitted,

                                           */s/ Stephanie A. Casey*
                                           Stephanie A. Casey Esq.
                                           Florida Bar No. 97483
                                           COLSON HICKS EIDSON, P.A.
                                           255 Alhambra Circle, Penthouse
                                           Coral Gables, Florida 33134
                                           Telephone: (305) 476-7400
                                           Fax: (305) 476-7444
                                           scasey@colson.com

                                           Charles J. Kocher, Esq., (*admitted pro hac
                                           vice*)(NJ ID 016952004)
                                           Tyler J. Burrell, Esq., (*admitted pro hac vice*)
                                           (NJ ID 377942021)
                                           Gaetano J. DiPersia, Esq., (*admitted pro hac
                                           vice*) (NJ ID 442152023)
                                           McOMBER McOMBER & LUBER, P.C.
                                           50 Lake Center Drive, Suite 400
                                           Marlton, NJ 08053
                                           (856) 985-9800
                                           cjk@njlegal.com
                                           tjb@njlegal.com
                                           gjd@njlegal.com

                                           *Attorneys for Class Representative Plaintiff
                                           Jennifer Mondello, on behalf of herself and all
                                           others similarly situated for the Rule 23(b)(3)
                                           Class and FLSA Collective*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2024, I caused a copy of the foregoing to be filed electronically and served via ECF on all parties indicated on the electronic filing receipt.

By: <u>*/s/ Stephanie A. Casey*</u>
Stephanie A. Casey, Esq.
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Fax: (305) 476-7444
scasey@colson.com
