# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JENNIFER MONDELLO, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ICF TECHNOLOGY, INC., ACCRETIVE TECHNOLOGY GROUP, INC., <br><br> Defendants. | Civil Action No.: 8:24-CV-01037 |

## PLAINTIFF'S UNOPPOSED MOTION TO SEAL

Pursuant to Local Rule 1.11 and this Court's Order (Doc. 32), Plaintiff Jennifer Mondello ("Plaintiff") respectfully moves for leave to file the attached exhibit (Defendant ICF Technology, Inc.'s Compliance Handbook) under seal, which Plaintiff intends to use in connection with her Reply in support of her Motion for Conditional Certification, to be filed on November 20, 2024. Defendants do not oppose this Motion.

## BACKGROUND

On October 11, 2024, Plaintiff filed her Motion for Conditional Certification under 29 U.S.C. § 216(b). (Doc. 33.) Defendants filed their Opposition on November 1, 2024. (Doc. 34.) On November 13, 2024, this Court granted leave to Plaintiff to file a brief reply in support of her Motion for Conditional Certification. (Doc. 40.) The Reply is due on or before November 20, 2024. (*Id.*)

As part of the Reply, Plaintiff will rely on a Compliance Handbook produced by the Defendants in this litigation. The Compliance Handbook sets forth policies and practices for approving Performers, reviewing accounts, and monitoring and controlling Performers' content on Defendants' websites. (*See* Exhibit 1, attached.) The document is relevant to Plaintiff's argument, which will be made in the Reply, that *all* Streamate Performers are subject to uniform rules as well as the accompanying disciplinary procedures Defendants use to enforce those rules. The

Compliance Handbook has been designated by the Defendants as "Attorneys' Eyes Only" pursuant to the Stipulated Confidentiality Order. (*See* Docs. 31-1, 32.)

## MEMORANDUM OF LAW

Plaintiff seeks to file with the Court Defendant ICF's Compliance Handbook as evidentiary support for her Reply in support of her Motion for Conditional Certification under 29 U.S.C. § 216(b). Defendants' position is that the Compliance Handbook must be filed under seal because the document satisfies the requirements of the "Attorneys' Eyes Only" designation under the parties' Stipulated Confidentiality Order (Doc. 31-1, at ¶ 2.) Plaintiff therefore requests that the Court enter an order permitting Plaintiff to file the Compliance Handbook under seal.

Under the Stipulated Confidentiality Order, documents designated "Attorneys' Eyes Only" are those that "contain[] highly sensitive business or personal information, the disclosure of which is highly likely to cause direct and material detriment to an individual or to the business or competitive position of the designating party." (Doc. 31-1, at ¶ 2.) Further, under the Stipulated Confidentiality Order, "Attorneys' Eyes Only" materials cannot be publicly disclosed unless the party asserting confidentiality waives the claim of confidentiality or the Court orders such disclosure. (*Id*. at ¶ 7.) A party that wishes to file a document designated "Attorneys' Eyes Only" must comply with Local Rule 1.11. (*Id*. at ¶ 10.)

During the parties' conferral on this Motion, Defendants identified three reasons that the Compliance Handbook should be filed under seal: (1) the document is not publicly available and is not provided to performers or customers; (2) if bad actors learned how to circumvent Streamate's compliance systems that have been designed to prevent fraud and illegal activity, ICF's ability to ensure that performers are not utilizing Streamate to perform illegal conduct would be severely compromised; and (3) public disclosure of the document would result in a loss of competitive business advantage because it would reveal policies and procedures that ICF has adopted to comply with its legal obligations and monitor the platform for fraud.

Courts have recognized that confidential and proprietary business information may be kept under seal to safeguard the Defendant's privacy interests. *See, e.g.*, *Christian Care Ministry, Inc. v. Sureco Ins. Agency, Inc.*, No. 18-CV-1313, 2019 WL 13062231, at *2 (M.D. Fla. Nov. 15, 2019) (permitting a party to file documents containing proprietary business information under seal). Further, because the entirety of the record contains information regarding Defendants' policies practices, there are not "less onerous alternative[s] to sealing the documents." *Robertson v. Alvarado*, 18-CV-487, 2018 WL 1899052, at *1 (M.D. Fla. Apr. 20, 2018) (citation and quotation marks omitted).

Thus, in accordance with the Stipulated Confidentiality Order and Defendants' position on the sensitive nature of the document, Plaintiff requests that the Court permit the Compliance Handbook to be filed under seal for the period provided under Local Rule 1.11(e).

### Local Rule 3.01(g) Certification

The undersigned conferred with counsel for the Defendants, who indicated they do not oppose the motion.

/s/ Stephanie A. Casey
Stephanie A. Casey Esq.
Florida Bar No. 97483
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Fax: (305) 476-7444
scasey@colson.com

Charles J. Kocher, Esq., (admitted pro hac vice)(NJ ID 016952004)
Tyler J. Burrell, Esq., (admitted pro hac vice) (NJ ID 377942021)
Gaetano J. DiPersia, Esq., (admitted pro hac vice) (NJ ID 442152023)
McOMBER McOMBER & LUBER, P.C.
50 Lake Center Drive, Suite 400
Marlton, NJ 08053
(856) 985-9800
cjk@njlegal.com
tjb@njlegal.com
gjd@njlegal.com

*Attorneys for Class Representative Plaintiff Jennifer Mondello, on behalf of herself and all others similarly situated for the Rule 23(b)(3) Class and FLSA Collective*

Dated: November 19, 2024                    Respectfully submitted,

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19, 2024, I caused a copy of the foregoing to be filed electronically and served via ECF on all parties indicated on the electronic filing receipt.

By: <u>*/s/ Stephanie A. Casey*</u>
       Stephanie A. Casey, Esq.
       COLSON HICKS EIDSON, P.A.
       255 Alhambra Circle, Penthouse
       Coral Gables, Florida 33134
       Telephone: (305) 476-7400
       Fax: (305) 476-7444
       scasey@colson.com