# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JENNIFER MONDELLO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ICF TECHNOLOGY, INC., ACCRETIVE TECHNOLOGY GROUP, INC.,<br><br>Defendants. | Civil Action No.: 8:24-CV-01037 |

## [PROPOSED] CONSENT ORDER

**THIS MATTER** having come before this Court jointly by the undersigned counsel for Plaintiff Jennifer Mondello on behalf of herself and all others similarly situated ("Plaintiff"), and Defendants, ICF Technology, Inc. and Accretive Technology Group, Inc. ("Defendants"), for a Consent Order authorizing the form and manner of notice to the FLSA Collective following this Court's January 16, 2025 Order granting Plaintiff's Motion for Conditional Certification. ECF No. 51.

**WHEREAS** the content of Notice fairly and accurately describes the litigation. The Notice informs conditionally certified FLSA Collective members

about the case, how they are affected, and provides detailed information separated by headings. The content of the Notice is easy to read and written in plain English, informing the members of their rights and how they can elect to participate in the action. The Notice also describes the legal effect of joining the suit; describes the legal effect of not joining the suit; notes that the Court expresses no opinion regarding the merits of Plaintiff's claims or Defendants' defenses; and accurately states the prohibition against retaliation in an FLSA action. The Notice also provides recipients with Plaintiff's counsel's contact information and website.

**WHEREAS** Defendants will produce the member list and certain contact information of the conditionally certified FLSA Collective to counsel for Plaintiffs subject to the Stipulated Confidentiality Order (ECF No. 31-1) 14 days from entry of this Consent Order;

**WHEREAS** the method of notice shall be U.S. mail and electronic mail;

**WHEREAS** the putative FLSA Collective members will have sixty (60) days from the postmark date to transmit their consent to join forms to the notice provider;

**WHEREAS** the notice provider, as agreed by the Parties, shall be Angeion Group, https://www.angeiongroup.com/;

**WHEREAS**, given the subject matter of this litigation, the Parties have agreed that the consent to join forms that will be filed with the Court shall only contain the first and last initials of the member's name, while the full name, contact

and other identifying information, and signature shall be contained on a separate form to be maintained by the Parties and Angeion[1];

**IT IS SO ORDERED** that upon consideration of the attached Proposed FLSA Notice and Notice of Consent to Join to Become a Party Plaintiff ("Exhibit A"), the Court authorizes the method, timing, and content of the Notices and authorizes their dissemination as soon as practicable.

**ORDERED** in Tampa, on _____ \_\_\_, 2025.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants believe that the unique confidentiality considerations of putative collective members in this case warrant protecting their identity in the public record, and that this approach is supported by *Doe 1 v. Banc, Jack & Joe, LLC*, 2018 WL 7254693, at *3 (D.N.J. Nov. 21, 2018); *see also*, *Jane Roes 1-2 v. SFBSC Mgmt., LLC,* 77 F. Supp. 3d 990 (N.D. Cal. 2015) (allowing consents to be filed under seal). Plaintiffs do not oppose Defendants' request.